**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0000764**
**30-JUN-2014**
**01:50 PM**

NO. CAAP-14-0000764

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MICHAEL PATRICK O'GRADY,
Plaintiff/Counterclaim-Defendant/Appellant,
and
LEILONI O'GRADY, Plaintiff-Appellant,
v.
STATE OF HAWAI'I,
Defendant/Counterclaim-Plaintiff/
Cross-Claim Defendant/Appellee,
and
STATE OF HAWAI'I DEPARTMENT OF TRANSPORTATION,
Defendant/Cross-Claim Plaintiff/
Cross-Claim Defendant/Appellee,
and
COUNTY OF HAWAI'I,
Defendant/Cross-Claim Defendant/Appellee,
and
HULU LOLO, LLC,
Defendant/Cross-Claim Defendant/
Cross-Claim Plaintiff/Appellee,
and
HAWAIIAN ELECTRIC COMPANY, et al.,
Defendants/Cross-Claim Defendants/
Cross-Claim Plaintiffs/Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 07-1-0372)

<u>ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION</u>
(By: Nakamura, Chief Judge, Foley and Fujise, JJ.)

Upon review of the record on appeal, it appears that we do not have appellate jurisdiction over this appeal that Plaintiff/Counterclaim-Defendant/Appellant Michael Patrick O'Grady (Appellant Michael O'Grady) and Plaintiff-Appellant Leiloni O'Grady (Appellant Leiloni O'Grady) have asserted from the Honorable Greg K. Nakamura's March 7, 2014 amended judgment, because the March 7, 2014 amended judgment does not satisfy the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2013), Rule 58 of the Hawai‘i Rules of Civil Procedure (HRCP) and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai‘i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the Hawai‘i Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." The Supreme Court of Hawai‘i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins</u>, 76 Hawai‘i at 119, 869 P.2d at 1338. "Thus, based on <u>Jenkins</u> and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." <u>Carlisle v. One (1) Boat</u>,

-2-

119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Furthermore,

> if a judgment purports to be the final judgment in a case
> involving multiple claims or multiple parties, the judgment
> (a) must specifically identify the party or parties for and
> against whom the judgment is entered, and (b) must (i)
> identify the claims for which it is entered, and
> (ii) dismiss any claims not specifically identified[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (emphases added).

When interpreting the requirements for a judgment under HRCP Rule

58, the Supreme Court of Hawai'i noted that

> [i]f we do not require a judgment that resolves on its face
> all of the issues in the case, the burden of searching the
> often voluminous circuit court record to verify assertions
> of jurisdiction is cast upon this court. Neither the
> parties nor counsel have a right to cast upon this court the
> burden of searching a voluminous record for evidence of
> finality, . . . and we should not make such searches
> necessary by allowing the parties the option of waiving the
> requirements of HRCP [Rule] 58.

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (emphasis in

original; citation omitted). Consequently, "an appeal from any

judgment will be dismissed as premature if the judgment does not,

on its face, either resolve all claims against all parties or

contain the finding necessary for certification under HRCP [Rule]

54(b)." Id. (original emphasis).

We initially note that the March 7, 2014 amended

judgment does not clearly articulate whether Defendant/

Counterclaim-Plaintiff/Cross-Claim Defendant/Appellee State of

Hawai'i (Appellee State) and Defendant/Cross-Claim Plaintiff/

Cross-Claim Defendant/Appellee State of Hawai'i Department of

Transportation (Appellee State DOT) are two separate and distinct

parties or one and the same party. Furthermore, the March 7,

2014 amended judgment does not resolve all claims against all

parties. The March 7, 2014 judgment enters judgment in favor of

Appellee State as to Count 1, Count 3 and Count 3 of Appellant

Michael O'Grady and Appellant Leiloni O'Grady's (collectively the O'Grady Appellants) December 27, 2007 first amended complaint. However, the March 7, 2014 amended judgment neither enters judgment on nor dismisses

- Count 4 of the O'Grady Appellants' December 27, 2007 first amended complaint as to Appellee State,

- all four counts of the O'Grady Appellants' December 27, 2007 first amended complaint as to Appellee State DOT, Defendant/Cross-Claim Defendant/Appellee the County of Hawai'i (Appellee County), and Defendant/Cross-Claim Defendant/ Cross-Claim Plaintiff/Appellee Hulu Lolo, LLC (Appellee Hulu Lolo),

- Appellee State's January 28, 2008 counterclaim against Appellant Michael O'Grady,

- Appellee State DOT's January 28, 2008 cross-claim against Appellee Hulu Lolo,

- Defendant/Cross-Claim Defendant/Cross-Claim Plaintiff/Appellee Hawaiian Electric Light Company's (Appellee HELCO) January 28, 2008 cross-claims against Appellee State, Appellee State DOT, Appellee County, and Appellee Hulu Lolo, and

- Appellee Hulu Lolo's February 14, 2008 cross-claims as to Appellee State, Appellee State DOT, and Appellee County.

Granted, the March 7, 2014 does not need to resolve the parties' claims against Appellee HELCO, because the circuit court already did so by entering the March 13, 2009 HRCP Rule 54(b)-certified judgment in favor of Appellee HELCO as to all claims against Appellee HELCO. But the March 13, 2009 HRCP Rule 54(b)-certified judgment did not resolve Appellee HELCO's January 28, 2008 cross-claims against Appellee State, Appellee State DOT, Appellee County, and Appellee Hulu Lolo, which, therefore, the final judgment in this case must resolve. Furthermore, attorneys for all parties signed the October 29, 2008 stipulation to dismiss all claims by and against Defendants/Cross-Claim Defendants/ Cross-Claim Plaintiffs/Appellees Hawaiian Electric Company (Appellee HECO) and Hawaiian Electric Industries, Inc. (Appellee

-4-

HEII), pursuant to HRCP Rule 41(a)(1)(B), and, thus, for those particular claims "a separate judgment is neither required nor authorized, inasmuch as a plaintiff's dismissal of an action, by filing a stipulation of dismissal signed by all parties [pursuant to HRCP Rule 41(a)(1)(B)], is effective without order of the court." Amantiad v. Odum, 90 Hawai'i 152, 158 n.7, 977 P.2d 160, 166 n.7 (1999) (internal quotation marks and brackets omitted). Nevertheless, not all of the multiple HRCP Rule 41(a)(1)(B) stipulations to dismiss claims in the instant case have been "signed by all parties who have appeared in the action," as HRCP Rule 41(a)(1)(B) requires for a valid stipulation to dismiss claim without an order of the circuit court. The following four stipulations for dismissal are not valid under the express language of HRCP Rule 41(a)(1)(B) because not all of the parties who appeared in this case signed these stipulations to dismiss, as HRCP Rule 41(a)(1)(B) expressly requires:

    (1)    the March 9, 2011 HRCP Rule 41(a)(1)(B) stipulation to dismiss all claims by and against Appellee Hulu Lolo,

    (2)    the March 17, 2011 HRCP Rule 41(a)(1)(B) stipulation to dismiss all claims by and against Appellee County,

    (3)    the October 2, 2013 HRCP Rule 41(a)(1)(B) stipulation purporting to dismiss Appellee State DOT's (but actually Appellee State's) January 28, 2008 counterclaim against Appellant Michael O'Grady, and

    (4)    the October 30, 2013 amended HRCP Rule 41(a)(1)(B) stipulation to dismiss all claims by and against Appellee Hulu Lolo and Appellee County.

Therefore, the final judgment in this case must, on its face, resolve all of the parties' remaining claims that were not

-5-

already expressly resolved by the March 13, 2009 HRCP Rule 54(b)-certified judgment and the October 29, 2008 HRCP Rule 41(a)(1)(B) stipulation to dismiss. "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). Although the March 7, 2014 amended judgment fails to resolve all of the parties' remaining claims, the March 7, 2014 does not contain an express finding of no just reason for delay in the entry of judgment as to one or more but fewer than all claims or parties pursuant to HRCP Rule 54(b). Instead, the March 7, 2014 amended judgment concludes with a statement that "there are no remaining parties or issues in this matter." As the Supreme Court of Hawai'i has explained with respect to such a statement:

> A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Jenkins, 76 Hawai'i at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added). The March 7, 2014 amended judgment does not satisfy the requirements for an appealable final judgment HRS § 641-1(a), HRCP Rule 58 and the holding in Jenkins, and, thus, in the absence of an appealable final judgment, we lack appellate jurisdiction over appellate court case number CAAP-14-0000764.

Although counsel for the O'Grady Appellants signed the March 7, 2014 amended judgment and, thus, indicated counsel's

-6-

approval of the language and form of the March 7, 2014 amended judgment, counsel for the O'Grady Appellants now concedes that the March 7, 2014 amended judgment is flawed, and asks us to remand this case for entry of a new judgment. However, Jenkins requires that we dismiss the appeal. See Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338.

IT IS HEREBY ORDERED that appellate court case number CAAP-14-0000764 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 30, 2014.

Chief Judge

Associate Judge

Associate Judge